Paul E. Steen (State Bar No. 011111)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave., Suite 1600
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
*Attorneys for defendants AHCCCS
& Thomas Betlach*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **HELEN PFEFFER, a single person; and AUDINE SIRRINE, a single person,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM ADMINISTRATION, an Agency of the State of Arizona; THOMAS K. BETLACH, in his capacity as Director of AHCCCS,**<br><br>**Defendants.** | No. 2:11-cv-00891-GMS<br><br>**ANSWER** |

Defendants, Arizona Health Care Cost Containment System Administration ("AHCCCS") and Thomas K. Betlach, in his capacity as Director of AHCCCS, by and through counsel undersigned, hereby answer plaintiff's complaint as follows:

1. Defendants are without knowledge as to the allegations of paragraph 1 and therefore deny the same and demand strict proof thereof.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants are without knowledge as to the allegations of paragraph 4 and therefore deny the same and demand strict proof thereof.

5. Defendants are without knowledge as to the allegations of paragraph 5 and therefore deny the same and demand strict proof thereof.

6. Defendants are without knowledge as to the allegations of paragraph 6 and therefore deny the same and demand strict proof thereof.

7. Defendants are without knowledge as to the allegations of paragraph 7 and therefore deny the same and demand strict proof thereof.

8. Federal law, 42 U.S.C. §1396a(a) speaks for itself.

9. A.R.S. §36-2901 *et seq.* and A.A.C. R9-22 and 28 speak for themselves.

10. 42 U.S.C. §1396a(a)(18) speaks for itself.

11. Defendants deny the allegations of paragraph 11.

12. Defendants are without knowledge as to the allegations of paragraph 12 and therefore deny the same and demand strict proof thereof.

13. Defendants are without knowledge as to the allegations of paragraph 13 and therefore deny the same and demand strict proof thereof.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants are without knowledge as to the allegations of paragraph 15 and therefore deny the same and demand strict proof thereof.

16. AHCCCS' July 9, 2010 request speaks for itself.

17. AHCCCS' July 2010 notice and information regarding the power of attorney speak for themselves.

18. Defendants are without knowledge as to the allegations of paragraph 18 and therefore deny the same and demand strict proof thereof.

19. A.R.S. § 14-5506 speaks for itself.

20. Defendants deny the allegations of paragraph 20.

21. Defendants admit the allegations of paragraph 21.

22. Defendants admit the allegations of paragraph 22.

23. Hearing testimony speaks for itself.

24. Hearing testimony speaks for itself.

25. Defendants admit AHCCCS determined that the $91,200.00 transfers did not constitute a gift but were held in trust for the benefit of Ms. Pfeffer. Without knowledge as to the remaining allegations of paragraph 25 and therefore deny the same and demand strict proof thereof.

26. Defendants admit Ms. Pfeffer, through counsel, argued that the transfers of monies were gifted to her daughter. Without knowledge as to "no strings attached and that the daughter could use monies in any manner she chose". Deny the remaining allegations of paragraph 26.

27. The Administrative Law Decision included in Exhibit A to the complaint speaks for itself.

28. The Administrative Law Decision included in Exhibit A to the complaint speaks for itself.

29. AHCCCS Director's Decision, included in Exhibit A to the complaint, speaks for itself. Admit AHCCCS' denial.

30. Defendants are without knowledge as to Ms. Sirrine's transfer of her house. Deny the remaining allegations of paragraph 30.

31. Defendants admit the allegations of paragraph 31.

32. Defendants are without knowledge as to the allegations of paragraph 32 and therefore deny the same and demand strict proof thereof.

33. Defendants admit the allegations of paragraph 33.

34. Defendants are without knowledge as to the allegations of paragraph 34 and therefore deny the same and demand strict proof thereof.

35. Defendants admit certain returns for Ms. Sirrine's expenses. Without knowledge as to the remaining allegations of paragraph 35 and therefore deny the same and demand strict proof thereof.

36. Defendants admit certain payments for Ms. Sirrine's care. Without knowledge as to the remaining allegations of paragraph 36 and therefore deny the same and demand strict proof thereof.

37. Defendants admit the allegations of paragraph 37.

38. Defendants admit the allegations of paragraph 38.

39. Hearing testimony speaks for itself.

40. Defendants admit AHCCCS determined that the $148,898.76 transfers did not constitute a gift but were held in trust for the benefits of Ms. Sirrine. Without knowledge as to the remaining allegations of paragraph 40 and therefore deny the same and demand strict proof thereof.

41. Defendants admit countable resources which exceeded the legal limit. Without knowledge as to the remaining allegations of paragraph 41 and therefore deny the same and demand strict proof thereof.

42. Defendants admit the allegations of paragraph 42.

43. Defendants admit Ms. Sirrine, through counsel, argued that the transfers of monies were gifted to her daughter. Without knowledge as to "no strings attached and that the daughter could use monies in any manner she chose". Deny the remaining allegations of paragraph 43.

44. The Administrative Law Decision included in Exhibit A to the complaint speaks for itself.

45.     The Administrative Law Decision included in Exhibit A to the complaint speaks for itself.

46.     AHCCCS Director's Decision, included in Exhibit A to the complaint, speaks for itself. Admit AHCCCS' denial.

47.     Defendants are without knowledge as to the allegations of paragraph 47 and therefore deny the same and demand strict proof thereof.

48.     Plaintiffs' cited authorities speak for themselves.

49.     Defendants are without knowledge as to the allegations of paragraph 49 and therefore deny the same and demand strict proof thereof.

50.     Defendants admit plaintiffs resided in assisted living residences at the time of their applications. Without knowledge as to the remaining allegations of paragraph 50 and therefore deny the same and demand strict proof thereof.

51.     Plaintiffs' cited authority speaks for itself.

52.     Defendants admit the allegations of paragraph 52.

53.     Defendants are without knowledge as to the allegations of paragraph 53 and therefore deny the same and demand strict proof thereof.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants are without knowledge as to the allegations of paragraph 55 and therefore deny the same and demand strict proof thereof.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants are without knowledge as to the allegations of paragraph 57 and therefore deny the same and demand strict proof thereof.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants hereby assert all A.R.C.P. 8(c) affirmative defenses as discovery may reveal.  Further, defendant Betlach has qualified immunity.

**WHEREFORE**, having fully replied to plaintiff's complaint, defendants respectfully request the Court:

A. Dismiss plaintiff's complaint and all its allegations;

B. Award defendants their reasonable attorneys' fees and costs incurred herein; and

C. Award such other and further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this **31st** day of May, 2011.

**RYAN RAPP & UNDERWOOD, PLC**

 /s/ Paul E. Steen
Paul E. Steen
*Attorneys for defendants AHCCCS & Thomas Betlach*

**ORIGINAL** of the foregoing filed
This **1st** day of June, 2011 with:

Clerk of Court
United States District Court
For the District of Arizona

1  With a **COPY** of the foregoing
2  Electronically forwarded this same date to:

3  Eric K. Macdonald
   Ryan K. Hodges
4  JACKSON WHITE ATTORNEYS AT LAW
   40 North Center Street, Suite 200
5  Mesa, Arizona 85201
6  *Attorneys for plaintiffs*

7

8
   /s/ Michele L. Glendenning
9