No. 2:11-cv-00891-GMS

*Helen Pfeffer and Audine Sirrine*
*v.*
*Arizona Health Care Cost Containment System Administration, et al*

**Exhibit A**
AHCCCS Policy 906.03, 908.01, & 908.02

**B. Proof**         Verify the CMV of the property at the time of transfer (MS 706.42).

## 906.03  Compensation in the Form of Assumption of a Legal Debt

**A. Description**   The value of compensation in the form of assumption of a legal debt owed by the customer is based on the outstanding principal. Interest payments are not considered compensation.

**B. Proof**         To determine the value of compensation in the form of assumption of a legal debt, contact the lender to verify:
- The dollar amount of the outstanding principal; and
- That the debt has been legally assumed by the individual purchasing the item.
- Document the result of the contact in ACE Comments.

## 906.04  Compensation in the Form of Personal Care Services

**A. Overview**      When an individual is paying another person to provide personal care services:
- First, determine if a valid agreement exists. Consider payments for assistance or services as transfers without compensation unless the payments are issued in accordance with a valid written or oral agreement or contract.
- If a valid agreement exists, determine whether adequate compensation in the form of services was provided.

| | |
|---|---|
| **C. Providing Information to the Customer** | The Notice of Uncompensated Value (DE-510) gives the customer information about rebuttal options and the documentation required. You may also give the customer a Public Information Brochure on Transfers (DE-818).<br><br>Do not give advice to the customer or representative recommending actions that can be taken to make the customer financially eligible for ALTCS. The customer or representative must make his or her own decision.<br><br>Never voluntarily offer alternatives to the customer. If the customer asks what he or she can do to become eligible review the rebuttal options. However, exercise extreme caution when giving such information (e.g., telling the customer that if the resource or income were returned or fair value were received ineligibility because of the transfer would no longer exist), especially if the returned item or additional compensation could not be excluded and would create ineligibility because of excessive income or resources. |

## 908.01   Return of Transferred Asset

| | |
|---|---|
| **A. Rebuttal Statement** | To rebut the penalty period based on return of the transferred asset, the customer must provide a written statement explaining:<br>• What asset was returned; and<br>• The date the returned asset was received. |
| **B. Convincing Evidence** | The customer must also provide documentation to support the written statement proving that the asset was returned and the date of return. Evidence of the return may include:<br>• For real estate, a property deed showing the customer as owner, signed and notarized after the initial transfer;<br>• A bank statement or deposit record showing return of cash to the customer's account; and<br>• A written statement from the person[s] who returned the item. |
| **C. Adjusting the Penalty Period** | When the customer provides convincing evidence that the transferred income or resource has been returned to the customer, apply the following policy:<br>• When the transferred resource is cash, reduce the UV by the amount of cash returned as of the date of the return. Do not count the returned resource as income to the customer.<br>• Terminate the penalty period with the month in which the transferred income or resources were returned, provided there is no UV remaining from another transfer.<br>• Evaluate the returned income or resource as of the month of return. If the returned asset is a countable resource, the customer may be resource ineligible for the month of return. |

## 908.02   Receipt of Compensation

**A. Written Statement**

To rebut the penalty period based on receipt of adequate compensation, the customer must provide a written statement explaining:
- What form of compensation was received;
- The value of the compensation received; and
- The date that compensation was received.

**B. Convincing Evidence**

The customer must also provide documentation to support the written statement showing:
- The form of compensation;
- The value of the compensation; and
- The date the compensation was received.

**C. Value of Compensation**

Determine the value of compensation received by the customer according to the form of the compensation and the policy in MS 906.00.

**D. Partial Compensation**

When the customer receives partial compensation for the transfer, reduce the amount of uncompensated value (UV) as of the date the compensation is received.

## 908.03  Intent to Dispose of Asset for Current Market Value

**A. Rebuttal Statement**

To rebut the penalty period based on intent to dispose of the asset for current market value (CMV), the customer must provide a written statement describing the following factors at the time the transfer was made.
- The purpose for transferring the income or resource;
- The attempts to dispose of the asset (resource or income) at CMV;
- The reasons for accepting less than the CMV for the asset (resource or income);
- Why the customer believes (considering age and background) that adequate compensation was received;
- The customer's relationship, if any, to the person to whom the asset (income or resource) was transferred; and
- The customer's means of or plans for self-support after the transfer.

**B. Convincing Evidence**

The customer must also provide documentation to support the written statement. Documentation may include, but is not limited to:
- Written offers for purchase of the asset;
- Declarations from a realtor contracted to sell real property; and
- Estimates of the value of the asset from professional knowledgeable sources.

## 908.04  Transfer Not Made to Qualify for ALTCS